Grace LaNora Silvester v. Commissioner.
Grace LaNora Silvester v. Commissioner
Docket No. 30078.
United States Tax Court
1953 Tax Ct. Memo LEXIS 360; 12 T.C.M. (CCH) 178; T.C.M. (RIA) 53058; February 20, 1953
*360 Grace LaNora Silvester, pro se. William P. Flynn, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $366 in income tax of the petitioner for 1946. The petitioner assigns as the only error the action of the Commissioner in determining that the stock of Lundelius and Eccleston Motors Corporation became worthless in 1941. Findings of Fact The petitioner filed her return for 1946 with the collector of internal revenue for the Sixth District of California. The petitioner purchased 1100 shares of the stock of Lundelius and Eccleston Motors Corporation for $11,000 in 1934. She still owns the stock. The corporation in 1941 owned about 16 patents relating to a device to be used to steady cars of various kinds moving at high speed. The inventor of the device and the promoter of the corporation plead guilty to an indictment for using the mails to defraud and were sentenced to prison in April 1941. They served ten months but were on probation for five years. The two men resigned from the corporation when they were sentenced and a committee of five trustees for the stockholders was formed to preserve *361 the corporation until the two men would be released from prison and could again take over active management of the corporation. It was understood that the corporation would attempt further exploitation of the patents when the two men were again available. The corporation had no assets except the patents and the chassis of a demonstrator automobile. The record does not show what its activities were at any time material hereto. It never had a plant and never got into production of any article. Unsuccessful efforts were made to find a manufacturer who would use the patents on a royalty basis. The petitioner claimed a deduction on her return for 1943 on the ground that the stock became worthless in that year. The record does not show the amount of the deduction claimed. She also claimed a deduction on her 1946 return for a carry-over based upon the deduction taken in 1943. The Commissioner, in determining the deficiency for 1946, allowed $346.31 of the deduction claimed based on the carry-over and disallowed $2,000 thereof. The record does not show when, if ever, the stock became worthless. Opinion MURDOCK, Judge: The petitioner in this case appeared for herself. Attached to *362 the petition is a copy of the first page of the notice of deficiency. It indicated that a statement was enclosed but no such statement showing how the Commissioner determined the deficiency for 1946 is in the record. Counsel for the respondent made some statements as to what was done in that connection and such findings as the record justifies have been made. No returns are in evidence and the Court is unaware of how and in what amount a deduction was taken for 1943 or how the carry-over for 1946 was computed. The Commissioner made the point that the record should show that the stock had value at the beginning of 1943 and that it became worthless during that year. The record does not justify any findings as to when the stock became worthless. One can readily suspect that this petitioner has sustained a very substantial loss but findings cannot be made upon suspicion or even upon guesses. There must be some evidence to support them. It is just as reasonable to suppose that the stock was worthless before 1943 as it is to suppose that it became worthless during 1943. The only reason given by the petitioner for claiming a deduction in 1943 was that she had waited a while after the inventor *363 and the promoter got out of prison to see if they would do anything with the corporation and since no good news came to her, she concluded that the stock was worthless. There is no evidence to indicate what, if anything, the inventor and promoter did after they got out of prison to reactivate the corporation. It does not appear that the petitioner, the only witness, knew very much about the value of the stock either in 1942 or 1943, and when she was asked whether the patents might still be worth something, she replied "I don't know. They could be, but when you can't get anybody to do anything about them, they are a dead issue as far as we are concerned." The Court cannot make up for the petitioner's failure to produce adequate proof and it has no alternative but to leave the parties exactly where it found them. Decision will be entered that there is a deficiency of $366 in income tax for 1946.